*FILED* *IFP*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

2008 AUG 18 A 9: 32

**San Jose Division**

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

NC

CASE NO _____

### C08    03924

RS

DR. THERESA BRADLEY, PSY.D./JD

    Plaintiff

v.

PAY PAL, INC.

    Defendant

_____/

### COMPLAINT

1. The Court has jurisdiction over the parties pursuant to USC Title 28 Section 1332 based upon diversity of citizenship of the parties and amount in question that exceeds $75,000.00; and the Court has subject matter jurisdiction based upon 15 U.S.C. §§ 1681 et seq. 6, conspiracy to engage in fraud by internet pre-texting.

2. All conditions precedent to the filing and maintenance of this action have occurred or have been waived by the parties.

## PARTIES

3.  Plaintiff is 63 year old single female, Forensic Psychologist who works for the criminal justice system and the Courts, a resident of the State of Georgia and the District of Columbia with her current US Mail address located at 6428 Old Post Court Columbus Georgia 31909.

4.  Defendant., Pay Pal, Inc., is a publicly traded company listed on the NYSE regulated by the Securities & Exchange Commission and the Securities Commissioner of the State of California incorporated and doing business in the State of California with its main corporate headquarters located at 2211 N. First St. San Jose, CA 95131

## BACKGROUND HISTORY OF FACTS AND GENERAL

## ALLEGATIONS APPLICABLE TO ALL COUNTS

5.  On or about May 2006, the Plaintiff did open a Pay Pal account in order to engage in e-commerce via the internet.

6.  Plaintiff holds a License in Counseling Psychology issued by the Dept. of Health for the District of Columbia #13943, and Plaintiff is Forensic Psychologist who works for the Criminal Justice System and the Courts, an active Member in the American Psychological Association.

2

7. Plaintiff has contractual relationships with numerous manufacturing vendors for products and psychology test publishers in order to engage in testing on behalf of her private clients who seek her professional services.

8. Hence, Plaintiff performs Corporate and Counseling Psychology Testing Administration Services, which includes providing 1-hour of pre-test consultation, psychology test administration services provided by either Plaintiff or a fellow APA Member in the purchaser's location, one Confidential Test Report, and 1-hour of post-test confidential consulting services, included in the price published on her site or quoted individually to the client upon consultation.

9. On February 3, 2008, the Plaintiff did receive notification from Pay Pal, Inc. that Ms. Julie Lackaff had purchased Plaintiff's psychology test administration services for the administration of two (2) psychology tests (**See Exhibit A herein Pay Pal Receipt**)

   o **Psychology Testing Services 1 Test Administration with Report of the MMPI-2**
   o **Psychology Testing Services 1 Test Administration with Report of MCMI-III**

10. Immediately thereafter, the Plaintiff did expend considerable time and effort to contact fellow APA Members and associates in Chicago, IL to arrange and make available to the purchaser the Psychology Test Administration Services for the two tests selected by Lackaff.

11. Plaintiff did contract with an APA associate, a licensed Psychologist in Illinois – Dr. Steven Nakisher, Psy.D. -  to provide the Psychology Test Administration Services to Lackaff

12. At great expense to the Plaintiff, she contracted with Dr. Nakisher to provide the test administration at his office, which was located convenient to the purchaser (Lackaff) within a 5 mile distance from Ms. Lackaff's residence in Chicago, IL.

13. Then, Plaintiff did expend considerable time and expense in order to ensure that the Psychology Test Administration Services for the two tests selected and purchased by Ms. Lackaff were delivered to Chicago, IL and administered to Lackaff in a convenient professional office location within the time period of February 3, 2008 to April 1, 2008 at the office of Dr. Nakisher, a fellow APA Member and Licensed Psychologist.

14. And,   the Plaintiff did notify Ms. Lackaff by US Mail Certified and by eMail informing her that the Psychology Test Administration Services that she had purchased had been fully arranged on her behalf by both Dr. Nakisher, who would perform the test administration in Chicago, IL and by Plaintiff, who would perform the test scoring and test report to Lackaff. **See Exhibit B**

15. Further, Plaintiff notified the purchaser that the Psychology Test Administration Services were non-refundable and that the purchaser had an obligation and duty to arrive at Dr. Nakisher's office to take

either one or both of the two tests selected. And, Ms. Lackaff was provided the option to take one test one day and the second test on another day convenient to her schedule.

16. The Plaintiff notified Ms. Lackaff that she had an obligation to contact either Dr. Bradley or Dr. Naksier to arrange a date/time certain to take the two (2) Psychology Tests. Further, Plaintiff informed the purchaser by US Mail Certified and Email that she had until April 1, 2008 to exercise her test administration services, a 45 day period of time from the date of purchase on February 3, 2008.

17. In sum, all of the Psychology Test Administration Services that the purchaser had remitted payment in advance were provided to Julie Lackaff as advertised on Plaintiff's site and delivered at a location within 5-miles of the purchaser's residence in Chicago, and provided to the purchaser in full compliance with the Psychology Test Publisher Manual, the Psychology Test Best Practices Guidelines, the State of Illinois Professional Practice in Psychology Regulations, and the American Psychological Association Ethical Standard Nine Testing.

18. Ms. Lackaff did not cooperate by either contacting or appearing at the test administration office as designated within the time period specified, February 3, 2008 to April 1, 2008, at which time all test materials and computer test preparations for test administration of the two (2) tests

5

that she had selected were removed from the computers and returned to the Plaintiff.

19. Ms. Lackaff was notified in advance that her payment for Psychology Test Administration Services was non-refundable and that the Psychology Test Administration Services required her cooperation to arrive at the test administration offices in Chicago, IL during normal business hours during the 45-day time period until April 1, 2008.

20. Plaintiff notified Lackaff on several occasions that her cooperation was required in order to provide her with the Psychology Test Administration Services that she had purchased. Ms. Lackaff failed to cooperate, and her non-refundable pre-payment for services was forfeited as a result.

21. In fact, Lackaff began placing illegal demands upon the Plaintiff to "sell her the tests" or to "administer the tests by anyone but a duly licensed psychologist" – all illegal demands that neither Plaintiff nor Dr. Nakisher capitulated to the irrational, illegal demands. Plaintiff learned later (June 2008) that Ms. Lackaff was actually Dr.Lackaff, a Licensed Psychologist engaged in a sham and fraud by internet pre-texting, posing to be someone who she was not.

22. On May 30, 2008, the Plaintiff did receive notification from Pay Pal that a request for Chargeback had been issued to Pay Pal by Ms. Lackaff – **See Exhibit C herein.**

23. As a result of this investigation, the Plaintiff then discovered that Lackaff had intentionally engaged in criminal and unprofessional conduct with fraud by internet pre-texting. In fact, Lackaff was a sham employed by the test publisher of the two tests selected with a scheme designed to engage in internet pre-texting, fraud, and a convoluted scheme to entrap the Plaintiff in capitulating to her demands to (1) sell Lackaff the tests or (2) administer the tests by a person who was not a licensed psychologist .

24. Both demands were illegal, a violation of the APA Code of Professional Conduct, and a violation of the test publisher manual and the test publisher contractual relationship between Plaintiff and the test publisher.

25. Plaintiff was provided with 10-days by the Pay Pal Charge Back Dept. to respond.

26. Plaintiff did respond by both US Mail to Pay Pal, Inc. at its Corporate Headquarters and by eMail to the Chargeback Dept. at the eMail address provided to her, informing the Defendant that Lackaff had engaged in criminal conduct with fraud by internet pre-texting.

27. Further, the Plaintiff informed Pay Pal, Inc. that Lackaff's 60 day right and privilege to dispute the February 3, 2008 charge had expired on April 3, 2008.

28. Further, Plaintiff informed Pay Pal, Inc.of the following:

a. All Psychology Test Administration Services were provided to Ms. Lackaff as advertised and agreed to by the parties;

b. All Psychology Test Administration preparation, test materials loaded into the computer were made available to Ms. Lackaff in a 5-mile distance from her personal residence in Chicago, IL by both Dr. Bradley and Dr. Nakisher, Licensed Counseling Psychologists and active Members of the American Psychological Association;

c. Ms. Lackaff was notified by US Mail Certified and on several occasions by US Mail and Email informing her that her pre-payment for Psychology Test Administration Services was non-refundable and that it required her cooperation to appear at the Chicago, IL test center office on a date/time convenient to her schedule during normal business hours Monday through Friday from February 3, 2008 to April 1, 2008, at which time the test taking opportunity would cease.

d. During that 45 day period, Ms. Lackaff failed to appear to take the two (2) tests that were fully prepared and waiting for her appearance at the test center in Chicago, IL, all pre-arranged at the Plaintiff valuable time and expense in full compliance with the Psychology Test Administration Services advertised on Plaintiff's URL.

e. During the 45 day period Lackaff placed demands upon the Plaintiff that she engage in illegal and unethical conduct, which Plaintiff did not capitulate to these irrational demands.

f. Further, Plaintiff informed Pay Pal, Inc. Charge-Back Dept. that she had learned that Ms. Lackaff was, in fact, an employee of the test publisher of the two tests that she had selected and that a Complaints had been filed against Ms. Lackaff for internet pre-texting, fraud, and breach of the bi-lateral agreement between the parties at – **See Exhibit D** herein Dr. Theresa Bradley v. Julie Lackaff at the United States District Court District of Illinois (Chicago) Count I – Fraud/Internet Pre-Texting; Count II Fraud in the Inducement; and Count III – Breach of the Bi-Lateral Contract with demand for Jury Trial before a United States Federal District Judge assigned to hear the case and Complaint filed at the Dept. of Professional Regulation of Psychologists for the State of Illinois in re; Julie Lackaff, Ph.D. Fraud by Internet Pretexting; and a Complaint filed at the American Psychological Association in re; Julie Lackaff, Ph.D. Fraud by Internet Pre-Texting violations of the Code of Ethics for Psychologists with fraud by internet pre-texting and placing illegal demands upon the Plaintiff.

g. Finally, Plaintiff placed demands upon Lackaff to cease and desist with her illegal conduct and to retract her request for chargeback initiated at Pay Pal, Inc. as the Psychology Test Administration Services were non-refundable and that the Psychology Test Administration Services were made available to Ms. Lackaff in

Chicago, IL for a 45 day period  at the Plaintiff's valuable time and
expense to provide the services advertised and as agreed between the
parties, which is confirmed by the Pay Pal Receipt.

29. Subsequently, the Plaintiff discovered that Defendant Pay Pal, Inc.
on May 30, 2008 immediately seized money rightfully and lawfully
earned by the Plaintiff had not provided Plaintiff with the 10 full
days to respond and provide the facts (1) the pre-payment for
psychological services was non-refundable; and (2) the services were
provided by Plaintiff as advertised and agreed at the highest level of
professional ethics, in a location convenient to Lackaff, and in full
compliance with the State of Illinois Psychology testing statutes and
ethical psychology testing standards – all arranged by Plaintiff
utilizing her own valuable time and expense.

30. On May 30, 2008, Plaintiff discovered that Defendant Pay Pal, Inc.
had placed a negative balance on her account pre-deducting the full
payment of services submitted to her by Lackaff.

31. Further, Defendant refused to issue payments of money provided to her by third party clients to the Plaintiff's bank as requested by the Plaintiff , as follows:

- **Date: May 29, 2008  Anne O'Connel  $57.95  Purchase Product Aquamella Cream**

- **Date: May 30, 2008 Roland Williamson  $132.00 Purchase Product Designs for Health QAvail quantity 2.**

32. Pay Pal, Inc. who refused to transfer the Plaintiff's money to her as requested.

33. Plaintiff provided all of the documentation and her costs to provide the tests to Julie Lackaff as advertised and agreed to the Pay Pal, Inc. Charge Back Dept. during the time period of May 30, 2008 to June 18, 2008.

34. On June 18, 2008, Pay Pal, Inc. notified Plaintiff that the chargeback was reversed and credited back to her account with the full $1,500.00 (less a chargeback investigation fee ).

35. Hence, all matters concerning the investigation of the chargeback were fully and finally concluded by Pay Pal, Inc. on June 18, 2008.

36. On August 11, 2008, Pay Pal, Inc. issued a second reversal of $1,500.00 to her Pay Pal, Inc. account although Pay Pal, Inc. had fully and finally concluded their investigation on June 18, 2008.

37. From February 3, 2008 to August 12, 2008, the Plaintiff has been severely damaged by both Lackaff, who engaged in fraud by internet pre-texting, and by the Defendants who have consistently and continually refused to investigate the facts, refused to comply the 60-day maximum time (April 3, 2008) for Lackaff to file a chargeback request, and refused to acknowledge the fact that the services advertised were, in fact, provided to Ms. Lackaff by both the Plaintiff and another doctor, Dr. Steven Nakisher, Psy.D., made available to the purchaser for a 45-day period in full compliance with the Illinois Psychology Testing Laws, the Test Publisher Manual, and the APA Ethics for Testing – all at considerable time, expense and effort of both Plaintiff and Dr. Nakisher, Psy.D.

38. Further, Defendants have knowledge of the fact that Lackaff was a fraud and a sham who engaged in illegal conduct with fraud by internet pre-texting as Lackaff worked for the test publisher and NEVER had any intention whatsoever of taking the two tests that Plaintiff and Dr. Nakisher worked diligently to arrange at a convenient location to her home in Chicago, IL.

39. Defendants are now engaged in a conspiracy of civil theft of the Plaintiff's money and valuable time by abusing their power and procedures and the laws governing theses events causing the Plaintiff considerable financial hardship and emotional distress, and the Defendants are engaged in the conspiracy to defraud by internet pre-texting, and the Defendants have refused to apply the 60-day maximum period of time (April 3, 2008) for any person to file a dispute or chargeback. Sixty days is the maximum period of time for Lackaff or anyone's credit card holder to provide the rights and privileges for a card holder to file a dispute.

40. More importantly, the Defendants have refused to acknowledge their conspiracy in Lackaff's fraud by internet pre-texting, posing to be someone she is not, an ordinary person seeking testing, when Dr. Lackaff works for the test publisher of the tests and is a Licensed Psychologist. In short, Dr. Lackaff NEVER had any intention of taking the tests that both Drs. Bradley and Nakisher had arranged at consider time, effort and expense.

41. The Defendants have continually and consistently ignored the facts that Plaintiff did, in fact, provide the services to Ms. Lackaff during February 13, 2008 to April 1, 2008 as advertised and agreed and that Lackaff's chargeback request was made 120 days after the facts and

that Lackaff engaged in illegal criminal conduct by posing to be someone else and by engaging in fraud by internet pre-texting.

42. Further, the Defendants have continually and consistently refused to divulge the name of the credit card issuer for Ms. Lackaff in order that Plaintiff can file a dispute with the purchaser's Credit Card Chargeback Dept. particularly given the fact that the dispute by Lackaff was raised 4-months after the fact as Lackaff has a maximum of 60 days to raise a dispute, by April 3, 2008, not May 30, 2008.

43. The Defendants have continually and consistently refused to cooperate with the Plaintiff. And, in fact, the Defendants have stated that the chargeback will be issued regardless of the facts as Lackaff's credit card issuer must keep Lackaff "happy and a client" – all with utter indifference to the Plaintiff and the facts set forth above.

44. The Plaintiff has been damaged as a result of the Defendant's conduct.

## COUNT I – INTERFERENCE WITH PLAINTIFF'S BUSINESS AND CONTRACTUAL RIGHTS

45. Plaintiff, Theresa Bradley, incorporates paragraphs 1 -44 as if stated herein and alleges a cause of action against the Defendant Pay Pal,

Inc. for interference with the Plaintiff's business and her contractual
rights, and states:

46. Plaintiff is a duly licensed professional Counseling Psychologist who
is accorded the right to provide and market her services and products
to third parties via any legal means available to her.

47. Plaintiff did lawfully advertise her services of providing Psychology
Test Consultations and Psychology Test Administration Services to
third parties for a select number of tests described by name with a
brief description and the price for the test administration services
provided by the purchaser.

48. On February 3, 2008, a third party (Lackaff) did purchase Plaintiff's
Psychology Test Administration Services, and the services were fully
provided to the purchaser as agreed to between the parties at a
location within 5-miles of the purchaser's residence to be overseen
and administered by both the Plaintiff and a third party Licensed
Psychologist in Chicago, IL, both members of the American
Psychological Association.

49. The purchaser (Lackaff) was  properly notified that her pre-payment
for the Plaintiff's services were non-refundable and that the
purchaser Lackaff had approximately 45 days to appear at the test
center office address in Chicago, IL in order to take the two tests she
had selected and purchased.

50. The parties had entered into a bi-lateral contract.

51. The Plaintiff fully met all of the terms and conditions of the bi-lateral contract, which required Lackaff's cooperation by appearance at the test center on or before April 1, 2008, at which time her rights to take the tests would cease.

52. The Defendant Pay Pal, Inc. has interfered in the Plaintiff's rights to conduct her professional business of Psychology Test Administration Services in full compliance with laws of Psychologist and Psychology Testing, the ethical and professional standards promulgated by the APA and State statutes, and by interference with the Plaintiff's contractual rights to engage in the practice of psychology tests administration with a non-refundable policy in place.

53. In fact, the majority of the costs to conduct the administration are up-front costs which requires arranging a test center location convenient for the purchaser, purchasing and uploading the psychology tests selected, and placing US Mail Certified communications between Plaintiff and numerous third parties in order to perform the duties of Psychology Test Administration of the tests selected and purchased from her business site.

54. The Defendants are NOT a third party or partner in the Plaintiff's business and the Defendants have no rights whatsoever to place temporary or full holds of money four months later for funds pre-paid by Lackaff to Plaintiff, who provided the test administration services to Lackaff as advertised and agreed to between the parties.

55. The Defendants are abusing their position and engaging in conspiracy of criminal conduct with Lackaff who engaged in fraud by internet pre-texting posing to be someone she was not and by civil theft of the Plaintiff's money earned by the Plaintiff.

56. The Defendants are interfering with the Plaintiff's rights to conduct her business in full compliance with the laws, ethical standards, and her own business policies.

57. The Defendant's attempt to place a "temporary, partial or permanent" hold on money pre-paid to Plaintiff that is non-refundable and that interferes with her contractual rights to conduct her business in a lawful and ethical manner interferes with the Plaintiff's basic constitutional rights, including her right accorded to her under the United States Constitution 7th Amendment, right to trial by jury in civil matters greater than $20.00, concerning any dispute between Plaintiff and Julie Lackaff.

58. From May 29, 2008 to June 18, 2008, the Defendants fully investigated the matter, and the Defendants knew that the cut-off date for a chargeback dispute was April 3, 2008, not four months later!

59. And, the Defendants knew that Lackaff had engaged in a sham with fraud by internet pre-texting and had placed illegal demands upon the Plaintiff who had fully arranged the test administration services as advertised and agreed.

60. On June 18, 2008, the Defendants issued the $1,500.00 credit to the Plaintiff, less the Pay Pal, Inc. Chargeback investigation fee – See Exhibit D herein.

61. Notwithstanding the fact the matter concluded June 18, 2008, the Defendants issued a second reversal of $1,500.00 to Plaintiff's Pay Pal, Inc. account nearly 30 days later, August 11, 2008.

62. Plaintiff has been damaged as a result of the Defendant Pay Pal's conduct – all in violation of the 60-day maximum period for dispute/chargeback and violations of the business practices of the Plaintiff who had provided the services as advertised and agreed.

63. And, Plaintiff will continue to be damaged by the Defendant's conduct should the Court not intervene with a temporary injunction to remove the August 11, 2008 reversal of $1,500.00 placed upon the Plaintiff's Pay Pal Account due to Julie Lackaff filing a request for chargeback 120 days later – 60 days late - to a disinterested third party when Lackaff has been duly advised that the services were provided and the pre-payment for services provided was non-refundable.

64. Further, Defendants are engaged in a conspiracy with Lackaff who engaged in fraud by internet pre-texting, posing to be someone and to require test services that she never intended to cooperate.

WHEREFORE, Plaintiff, Theresa Bradley, hereby prays for entry of judgment in an amount to exceed $75,000.00 against the Defendant Pay Pal, Inc. for interference with the Plaintiff's business and contractual rights. Plaintiff reserves her rights to assert her claims for punitive damages in order to punish the Defendant whose interference is utilized to engage in civil theft. Plaintiff requests her costs, fees and expenses to bring this matter to the Court, and such other relief as this Court deems just and proper.

### COUNT II – FRAUD

65. Plaintiff incorporates Paragraphs 1 – 64 as if stated herein, and alleges a cause of action against the Defendant Pay Pal, Inc. for fraud, and states:

66. Plaintiff engaged the services of Pay Pal for one reason – to be a disinterested third party processer of the "shopping cart" transactions for services and products placed on the Plaintiff's business URL site.

67. Plaintiff and the Defendant have entered into no other business relationship or partnership or any joint-venture business relationship of any kind that accords the Defendant with the right to interfere with the Plaintiff's duly licensed business conducted in full

compliance with the laws of the United States and in full compliance with the ethical standards promulgated by her profession.

68. Plaintiff has NOT accorded to the Defendant the right to be a third party "arbiter" of any dispute between Plaintiff and Julie Lackaff, particularly when Lackaff has engaged in fraud by internet pre-texting that is a criminal offense or between Plaintiff and any third party who accesses and utilizes the Plaintiff' business services or purchases the products advertised on the Plaintiff's URL.

69. The Plaintiff has not relinquished her rights to seek redress in the Courts for due process in civil matters greater than $20.00 that may arise between Plaintiff, and any third party purchaser of her services or her products.

70. The Defendants have entered into a business relationship with the intent to deceive and to defraud the Plaintiff who was led to believe that the Defendant would not interfere in the Plaintiff's business rights and constitutional rights to seek redress in a Court of law.

71. The Defendants have intentionally programmed their computers to seize funds that rightfully belong to the Plaintiff for their own financial benefit with utter disregard to the fact that the Plaintiff has not accorded them to right to interfere with her business or to strip of her rights to seek due process in a Court of law between Plaintiff and any third party purchaser of her business services and products.

20

72. The Defendants have intentionally lied and defrauded the Plaintiff leading her to believe that they would ONLY be a disinterested third party conduit processor of monetary funds.

73. The Defendants knew or should have known that their conduct would cause the Plaintiff significant financial damage should they seek to seize her funds earned by her work providing services and the sale of products from her URL.

74. The Defendants conduct was contemplated in advance as evidenced by its programming language whereby its computers have essentially seized hold of the Plaintiff's rights to conduct her business without Defendant's interference and seized her funds that are rightfully due to her.

75. On June 18, 2008 after investigation of the chargeback request by Lackaff, the Defendants fully and finally concluded the matter by issuing a $1,500.00 credit to Plaintiff's account, less their chargeback investigation fee – See Exhibit F herein.

76. The Defendants fraudulent conduct has caused damage to the Plaintiff.


WHEREFORE, Plaintiff, Theresa Bradley, hereby prays for entry of judgment in an amount to exceed $75,000.00 against the Defendant Pay Pal, Inc. for fraud. Plaintiff reserves her rights to assert her claims for

punitive damages in order to punish the Defendant whose interference is utilized to engage in civil theft. Plaintiff requests her costs, fees and expenses to bring this matter to the Court, and such other relief as this Court deems just and proper.

## COUNT III– BREACH OF CONTRACT

77. Plaintiff incorporates Paragraphs 1 – 76 as if stated herein and alleges a cause of action against the Defendant Pay Pal, Inc. for breach of contract, and states:

78. The Plaintiff and Defendant did enter into a contract whereby the Defendant agreed to be a disinterested third party processor granting Plaintiff the right to place "Pay Pal, Inc. Shopping Cart" button on her business site, and to process the purchases in a disinterested manner that are conducted between Plaintiff and any third party from her business URL site.

79. The Defendant's breached the contract by their interference with the Plaintiff's lawful business conduct and legal rights to set the policies and procedures for her own business, including placing a non-refundable policy for pre-payment by third parties for the Psychology Test Administration Services.

80. The Defendants have no knowledge of the Plaintiff's considerable upfront costs to provide psychology tests administration services at

sites and locations distant from the Plaintiff's primary business location, Chicago, IL.

81. The Defendant and Plaintiff have no partnership or joint-venture business relationship that provides them the contractual right to interfere with the Plaintiff' lawful business conduct and right to set her own business policies, including non-refundable pre-payments for her services.

82. The Defendants have breached the parties' agreement whereby the Defendants are simply a disinterested processor of shopping cart payments and credit card transactions processed by third parties who visit Plaintiff's business site.

83. The Defendants have intentionally breached the contractual agreement of the parties for their own financial gain and by withholding money (equivalent to civil theft) that rightfully belongs to the Plaintiff based upon her hard work and lawful business, including advertising and providing her services and products via her URL business site.

84. The Defendants intentionally ignored the facts.

85. The Plaintiff has been damaged as a result of the Defendant's breach of the contract between the parties.

WHEREFORE, Plaintiff, Theresa Bradley, hereby prays for entry of judgment in an amount to exceed $75,000.00 against the Defendant Pay Pal, Inc. for breach of contract. Plaintiff reserves her rights to assert her claims for punitive damages in order to punish the Defendant whose breach of the contract is utilized to engage in civil theft for their own financial benefit with utter disregard to the rights of the Plaintiff. Plaintiff requests her costs, fees and expenses to bring this matter to the Court, and such other relief as this Court deems just and proper.

## COUNT IV- CIVIL THEFT AND CONSPIRACY

86. Plaintiff incorporates Paragraphs 1-85 as if stated herein and alleges a cause of action against the Defendant Pay Pal, Inc. for civil theft and conspiracy, and states:

87. Plaintiff has a constitutional and legal right to conduct a lawful business upholding the highest ethical standards of her profession by providing services and products via her business URL site.

88. Plaintiff has NOT accorded the Defendant Pay Pal, Inc. with the right or the position as third party arbiter of the Plaintiff contractual relationships between her business and her clients, including those who purchase her services or products from her URL site.

89. Defendant has no knowledge of the overhead and upfront costs that Plaintiff is required to expend in order to offer Psychology Test Administration Services to visitors from the USA who seek to purchase the psychology test administration services at test center locations distant from the Plaintiff's usual place of business.

90. In short, the Defendant has been granted no right under a contract or under any laws to engage in policy determination in regards to the Plaintiff's business policy of non-refundable status of all pre-payments made to her for her Psychology Test Administration Services.

91. The parties have no contract or agreement that grants the Defendants to place their arbitrary, temporary, partial or permanent hold on any funds pre-paid to the Plaintiff by third parties who transact purchases of Plaintiff's products and services via her URL site then place a chargeback request 120 days later – 60 days beyond the maximum right and privilege for any card holder to dispute a credit card charge.

92. The Plaintiff has not granted the Defendant the right to be a third party arbiter of the business policies and the contractual matters that

may ensue between Plaintiff and her clients, customers and products/services purchasers from her URL business site.

93. Defendants have one and only one responsibility and right provided under the Contract and under the laws of commerce in the State of California or any state of the US – process the shopping cart transactions and submit Plaintiff's money, less a small percentage for processing the transaction, to the Plaintiff's bank account when directed to do so by the Plaintiff.

94. Plaintiff has NOT relinquished her rights to Defendant or to any third part to seek redress regarding any dispute that arises or may arise in the future between Plaintiff and her clients, customers, and purchasers of products/services from her URL site.

95. Defendant have usurped the Plaintiff's rights and engaged in civil theft of money that has been paid to the Plaintiff under her non-refundable policy for services that were provided to Julie Lackaff as contracted and agreed to between Ms. Lackaff and the Plaintiff;, and the Defendant has engaged in unauthorized premature seizure of the Plaintiff's funds by placing their arbitrary temporary hold of non-refundable $1,500.00 of funds paid February 3, 2008 to Plaintiff by Ms. Lackaff and earned by the Plaintiff who provided the Psychology

Test Administration Services to Lackaff in Chicago, IL February 3, 2008 to April 1, 2008.

96. Defendant is abusing their position, power and authority to engage in civil theft of money that was duly earned by the Plaintiff and is rightfully due to the Plaintiff who has sold products and services from her URL business site in a legal manner upholding the highest ethical standards of her profession.

97. And, Defendants know that Lackaff engaged in criminal conduct with fraud by internet pre-texting, pretending and posing to be someone she was not and that she never had any intention of taking the tests that were duly arranged by Plaintiff and Dr. Nakisher.

98. Thus, Defendants are engaged in a conspiracy with Lackaff to defraud the Plaintiff and to engage in civil theft of money duly earned that rightfully belongs to the Plaintiff, earned February 13, - April 1, 2008 when the tests were pre-arranged for Lackaff to be taken in Chicago, IL as advertised and agreed.

99. Defendants investigated the matter from May 29, 2008 to June 18, 2008 and issued a $1,500.00 reversal of the $1,500.00 chargeback.

100.    On August 11, 2008, the Defendants began on a course to simply ignore the facts and events from February 3, 2008 to date, and engaged in civil theft of $1,500.00 on August 11, 2008 without legal grounds or any justification whatsoever – pure and simple it is civil theft of money that rightfully belongs to the Plaintiff.

101.    Plaintiff has been damaged as a result of the Defendant's civil theft of money that is non-refundable , earned February – April 2008, and is rightfully due and payable to the Plaintiff upon her demand.

WHEREFORE, Plaintiff, Theresa Bradley,  hereby prays for entry of judgment in an amount to exceed $75,000.00 against the Defendant Pay Pal, Inc. for civil theft. Plaintiff reserves her rights to assert her claims for punitive damages in order to punish the Defendant whose civil theft is an egregious abuse of the power and authority accorded to Defendants by either contract or statutory rights.  Plaintiff requests her costs, fees and expenses to bring this matter to the Court, and such other relief as this Court deems just and proper.

**COUNT V - Violations of 15 U.S.C. §§ 1681 et seq. 6, Conspiracy Fraud by internet pre-texting**

102.    Plaintiff incorporates Paragraphs 1 – 101 as if stated herein and alleges a cause of action against the Defendants for Violations of 15 U.S.C. §§ 1681 et seq. 6, Conspiracy Fraud by internet pre-texting, and states:

103.    Defendants know that Plaintiff provided the psychology test administration services to Lackaff as advertised and agreed.

104.    Defendants know that Plaintiff provided the services to the purchaser from February 13, 2008 to April 1, 2008 in Chicago, IL to Lackaff in full compliance with the laws and ethics of psychology testing.

105.    Defendants know that Lackaff has a MAXIMUM of 60 days from the date of purchase (February 3, 2008) to April 3, 2008 to file a dispute or chargeback request.

106.    Defendants have intentionally ignored the laws and the facts and engaged in a conspiracy of illegal and criminal conduct of fraud by internet pre-texting.

107.    Plaintiff has been damaged as a result.

WHEREFORE, Plaintiff, Theresa Bradley, hereby prays for entry of judgment in an amount to exceed $75,000.00 against the Defendant Pay Pal, Inc. for **Violations of 15** U.S.C. **§§ 1681 et seq. 6, Conspiracy Fraud by internet pre-texting.** Plaintiff reserves her rights to assert her claims for

punitive damages in order to punish the Defendant whose civil theft is an egregious abuse of the power and authority accorded to Defendants by either contract or statutory rights. Plaintiff requests her costs, fees and expenses to bring this matter to the Court, and such other relief as this Court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY COURT

Respectfully submitted this 12th day of August 2008,

Dr. Theresa Bradley, Psy.D./JD, Pro Se Plaintiff

US Mail Address

*Theresa Bradley*

Dr. Theresa Bradley, Psy.D.

6418 Old Post Court Columbus, GA 31909

Direct communications by email to Theresa@bravacorp.com

## EXHIBITS

**EXHIBIT A –** February 3, 2008 Pay Pal, Inc. Receipt two psychology tests administrations purchased by Julie Lackaff

**EXHIBIT B –** February 13, 2008  Plaintiff's Notification sent to Julie Lackaff Psychology Test Administration Services at office of Dr. Steven Nakisher, Psy.D. Chicago, IL, and miscellaneous communications by and between Plaintiff and Julie Lackaff regarding Test Administration Services Provided pursuant to URL Statement of Psychology Testing Services.

**EXHIBIT C**   May 30, 2008 Chargeback notification from Pay Pal, Inc. when maximum amount of time is 60 days – April 3, 2008; June 18, 2008 Notification from Pay Pal, Inc.; August 11, 2008 $1,500.00 Debit by Pay Pal, Inc.

**EXHIBIT D**  June 2008 Complaint in Re;  Julie Lackaff Fraud by Internet Pre-Texting US District Court for the District of Illinois (Chicago); Criminal Conduct Fraud by Internet Pre-Texting filed with US Dept. of Justice FBI and Cook County Illinois District Attorney;  Dept. of Professional Regulation State of Illinois in re;  Dr. Julie Lackaff, Ph.D. violations of License Law with Fraud by Internet Pre-Texting; Complaint of Unethical Conduct filed at the APA Washington, DC in re; Julie Lackaff, Ph.D. Fraud by Internet Pre-Texting.

31

**EXHIBIT B  February 3, 2008 Payment to T.B. Bradley in regards to Psychology Test Administration Services purchased by Julie Lackaff**

# Transaction Details

Shopping Cart Payment Received (Unique Transaction ID #92785360AA093080W)

This transaction has been reversed.
For further details please see transaction 3Y311418L48669348
Original Transaction

| Date | Type | Status | Details | Gross | Fee | Net |
|------|------|--------|---------|-------|-----|-----|
| Feb. 3, 2008 | Payment From Julie Lackaff | Held | ... | $1,500.00 USD | $43.80 USD | -$1,456.20 USD |

Related Transaction

| Date | Type | Status | Details | Gross | Fee | Net |
|------|------|--------|---------|-------|-----|-----|
| May 29, 2008 | The funds are not available while this transaction is being reviewed | Placed | Details | -$1,500.00 USD | $43.80 USD | -$1,456.20 USD |

Julie Lackaff    (The sender of this payment is Unverified)

brianduhn@msn.com

president@bravacorp.com

*Exhibit A*
*Pg 1*

Shopping Cart Contents

| Qty | Item | Options | Price |
|---|---|---|---|
| 1 | **MCMI-IIIâ„¢ Millon Clinical Multi-Axial Inventory-III 1 Test Administration by Hand or Computer & Report** | | $750.00 USD |
| 1 | **MMPI-2â„¢ The Minnesota Report: Adult Clinical System-Revised 4th Edition 1 Test Administration by Hand or Computer & Repor** | | $750.00 USD |
| | | Amount | $1,500.00 USD |

Shopping Cart

*A*
*PG-2*

**NOTIFCATION TO JULIE LACKAFF OF PSYCHOLOGY TEST ADMINISTRATION SERVICES**

# BRAVA PSYCHOLOGY TESTING SERVICES
## www.bravacorp.com
The Cunningham Center 3100 Gentian Boulevard Suite 9B Columbus, GA 31907 president@bravacorp.com

February 13, 2008  by Email and US OVERNIGHT Express Mail

Mr. Brian Duhn and Ms. Julie Lackaff
3900 N. Lake Shore Drive Unit 9A
Chicago, IL 60613

RE;  PSYCHOLOGY TESTNG SERVICES

Dear Ms. Lackaff and Mr. Duhn:

Recently, you purchased the Brava Psychology Testing Services for the administration of the following tests:

(1) Minnesota Multiphasic Personality Inventory-2™( MMPI-2™) 567 true/false questions with Test Scores and Interpretive Report
(2) Millon Clinical Multiaxial Inventory-III™ (MCMI-III™) 175 true/false questions with Test  Score and Report

Please be advised that we have arranged for a Licensed Counseling Psychologist current Member of the American Psychological Association to administer these tests to you in compliance with the Test Publisher Manual and the American Psychological Association Code of Professional Conduct / Assessments Standard 9.  See Test Administrator

We are required by the APA to obtain a Psychology Testing Consent Form, which we are enclosing.  Please sign both copies, and keep one for your file and return one to us by US Mail in the enclosed envelope.

*Exhibit B*

Upon our receipt of the signed Consent Form by either electronic Mail or US Mail, we provide 30 days for the Test Administrator and you to make arrangements to schedule the test administration in either one or two sessions depending upon your request. We have scheduled the MMPI-2 as the first test to be completed in the first session, which takes usually 60-90 minutes You may take a break, then return to the Test Administrator's office; and take the second test, the MCMI-III, which usually takes 25 – 30 minutes. Or, you may return to the office of the Test Administrator for a second session to start and complete the MCMI-III in this second session.

Your Test Answers are not shared with the Test Administrator. The Test Administrator will immediately place the answer sheets for both tests in a sealed envelope to be returned to our office for scoring and Test Report. When the Test Report (s) is concluded, we will submit this to you and to only one other designated party by overnight courier providing you with the date/time selected for a 1-Hour Post Test Consult by phone with Dr. Bradley.

If you wish to change the date/time for the 1-Hour Consult, you may do so by contacting us by email suggesting an alternative date/time. Upon completion of the 1-Hour Consult, we will provide you with a list of Counseling Psychologists APA Members in Chicago, IL who you may contact should you wish further local consultations or counseling. Further, you have the right to contact the Test Administrator who is fully licensed to conduct consultations and/or counseling. We will not submit a copy of the Test Report to the Test Administrator, unless you so direct and sign a Release of Records instructing us to do so.

Page – 2 -

Ms. Julie Lackaff and Mr. Brian Duhn

February 13, 2008

Please review and sign the enclosed Brava Psychology Testing Services Consent Form. Should you have any questions, we prefer email contact, but we are available by Mobile phone form 8:00 am to 8:00 pm to answer any of your questions.

We appreciate this opportunity to be of service to you.

Sincerely,

*Theresa Bradley*
Dr Theresa Bradley, Psy.D.

Mobile 561-676-2989

DESIGNATED TEST ADMINISTRATOR

**Minnesota Multiphasic Personality Inventory-2™( MMPI-2™) 567 true/false questions**

**Millon Clinical Multiaxial Inventory-III™ (MCMI-III™) 175 true/false questions**

Steven Nakisher, Psy.D
444 North Michigan Avenue

Suite 1820

Chicago, IL 60657

Phone: 312-755-7000

# BRAVA PSYCHOLOGY TESTING SERVICES
## CONSENT FORM

Welcome to Brava Psychology Testing Services (Brava PTS). This form will provide information about our services and about your rights and responsibilities as a client. The Brava PTS is under the direction of Licensed Counseling Psychologist, Dr. Theresa Bradley, Psy.D. with expertise in psychological, educational, and cognitive assessment. Please be sure to discuss any questions with Dr. Theresa Bradley, Psy.D. You have been assigned a Test Administrator in Chicago, IL within 5 miles of your zip code 60613.

Your signature below provides that you understand the information herein and freely purchased and consented to participate in the selected assessments:

    (1)  Minnesota Multiphasic Personality Inventory-2™( MMPI-2™),  and
    (2)  Millon Clinical Multiaxial Inventory-III™ (MCMI-III™).

In order to ensure the best possible service in your area, an APA Licensed Counseling Psychologist and Member of the APA will administer your test (s)  at their office Chicago, IL and pursuant to the Test Publishers' Manual Section Administration.  You agree to be obligated to arrange with Brava PTS  test administration services for the tests selected within 30 days from the date herein at a time / date convenient to you and the Test Administrator's schedule. Then, a Confidential Test Report will be issued to you and/or your designated representative as indicated by you below.  Dr. Bradley or your Test Administrator will provide 1-Hour of Post-Test Consultation Services with you or your designated representative discussing your testing results.

**TEST ADMINISTRATION:**

**Psychology Test Administrator Chicago, IL**

**Steven Nakisher, Psy.D**
**444 North Michigan Avenue**

**Suite 1820**

**Chicago, IL 60657**

**Phone: 312-755-7000**

**TESTING:**

Through the use of the psychological tests you selected, we will attempt to answer the questions that have brought you to the Brava PTS selected and pre-paid assessment services. These questions generally concern learning disabilities, academic functioning, personality functioning or coping styles or other confidential issues that you are not obligated to disclose. Throughout the introduction to the test administration procedure, you have the right to inquire about the nature or purpose of all psychology test procedures for the two (2) tests you selected. You also have the right to know the test results, interpretations and recommendations.

**TEST ADMINISTRATION PROCEDURE**

The assessment process generally involves a brief introduction to the test administration procedures required by the Test Publisher, followed by the administration of (1) the MMPI-2™ and (2) the MCMI-III™ psychological tests. Although it is sometimes possible to complete the testing for both tests selected in one sitting, it is not recommended.  It is quite common for people to complete the first test with an estimated completion time of 60-90 minutes 567 true/false items for the MMPI-2™; then return for another test session to finish the second assessment battery, the MCMI-III™ with an estimated completion time of 25-30 minutes 175 true/false items.

You have the option to complete both tests selected in either one session or two sessions, but both tests must be completed within 30 calendar days from the date herein.  Once testing is completed, the test answers are kept confidential, and test answers will be scored. This will be followed by a written report delivered to you by FedEx to you and/or your designated representative address as indicated and authorized by your signature below.  You will then have the opportunity for a 1-Hour consultation included in the pre-payment price with either your Test Administrator or Dr. Bradley to discuss the results.

**CONFIDENTIALITY:**

The information obtained in this Psychology Testing Service is confidential and will not be released to any person or designated representative without your written permission by your signature below. The **only** exceptions to this policy are rare situations in which we are required by law to release information with or without your permission. These exceptions are: 1) if there is evidence of physical and/or sexual abuse of children, or abuse to the elderly; 2) if we judge that you are in danger of harming yourself or another individual; and 3) if your records are subpoenaed by the court. In the rare event of any of these situations, we would attempt to discuss our intentions with you before an action is taken, and we would limit disclosure of confidential information to the minimum necessary to insure your rights of privacy are protected in compliance with the laws requiring Brava PTS to release information under the exceptions indicated above.

## INSURANCE

If you are sending your statement of Brava Psychology Test Services to your health insurance provider to cover the cost of the assessments, you should be aware that the insurance company will require a diagnosis and sometimes additional information before authorizing reimbursement payment. Since this information would become a part of your insurance file, you may wish to check with your insurance carrier to be sure you are comfortable with the nature of the information that may be requested prior to authorizing insurance reimbursement.

## REQUEST FOR INFORMATION

For reasons pertinent to your selection of the assessments, we sometimes like to gather data from custodial parents, **if applicable.** Please indicate your preference regarding mailing questionnaires in regards to the assessments you selected to your parent(s) and provide their mailing addresses, if applicable.

□ **No, please do not send questionnaires to my parent(s).**

□ **Yes, you may send questionnaires to my parent(s), as indicated below**

Name:_____

Address:_____

Name:_____

Address:_____

## COMMUNICATING RESULTS

Indicate the test person (s) name, gender, date of birth, relationship to authorizing person (if applicable), and US Mail address, to whom the Confidential Test Report should be submitted to the Test Person and the Designated Third Party. If there is one (1) additional designated person, who you request that a copy of the Confidential Test Report should be submitted, please indicate and authorize with your signature below.

**Test Administration with Authorization to submit**
**Test Report to Person Tested:**

Name (print):_____

Address:_____

_____

Date of Birth:_____

Gender (circle one):    Male    Female

_____

Person to be Tested Authorization (signature)

_____

Authorizing Person (signature)

_____

Relationship to Person to be Tested


**Designated Third Party authorized to receive Confidential Test Report:**

Name:_____

Address:_____

_____

Your signature authorization below indicates that you authorize the Confidential Test Report will be submitted to the designated person indicated above.

Your authorization_____    **Date:**_____

**FEE AND PAYMENT POLICY:**

The standard fee for Brava Psychology Testing Service of the assessments you have selected is $750.00 per test with non-refundable, full pre-payment for the Brava Psychology Test Service paid in advance.

Brava Psychology Testing Service does not bill insurance companies. We have requested that you pay your fee in full in advance, which you have agreed to by your prepayment of $750.00

per test.  An additional fee of $20 per hour will be charged for arriving more than 15 minutes late or for each missed Test Administration Appointment or failure to appear in person or by phone for the agreed upon date/time for the 1-Hour Post-Test Consultation.

**AGREEMENT:**

I have read the above material, and I fully understand my rights and obligations under the terms set forth herein for Brava Psychology Testing Service.

_____
Name of Person to be Tested (print)

_____
Signature of Person to be Tested

Date:_____

_____
Name of Authorizing Person (Print)

_____
Signature of Authorizing Person

_____
Relationship to Person to be Tested

Address_____

_____
Name and Signature of parent/legal guardian) if applicable:

Name (print):_____

Signature_____

Address_____

**Brava Psychology Testing Service (PTS)** _____

Signature of Brava Psychology Testing Services (PTS) Representative

Name (print):)_____

Signature:_____

Date:_____

Address:  Dr. Theresa Bradley, Psy.D. PRC#13943

Member of the American Psychological Association (APA)

Brava Psychology Testing Services

Email:  Theresa@bravacorp.com  Mobile:  561-676-2989

Direct US Mail to:  Dr. Theresa Bradley at Box 8542 Columbus, GA 31908-8542

February 15, 2008 and thereafter Office Address for Dr. Theresa Bradley, Psy.D.

The Cunningham Center Suite 114 Columbus, GA 31907

## MAY 30, 2008 REQUEST FOR CHARGEBACK NOTIFICATION

 Flag this message

# Chargeback case received: Case ID #PP-483-259-624 -

Friday, May 30, 2008 1:19 AM
From:
This sender is DomainKeys verified
"service@paypal.com" <service@paypal.com>
Add sender to Contacts
To:
president@bravacorp.com
Dear Theresa Bradley,

We were recently notified that one of your buyers filed a chargeback and asked their card issuer to reverse a payment made to you.

Although a chargeback may appear to be similar to a PayPal claim, it is actually a process initiated outside of PayPal and controlled by the card issuer. One of the unique benefits of using PayPal is that we help you fight unwarranted chargebacks and attempt to recover your funds.

The chargeback states that the buyer indicated one of the following problems:
- The merchandise was damaged or defective
- The merchandise was not as described
- Services were not rendered


It is up to the card issuer to decide whether or not they believe that the buyer's chargeback is valid and they are asking for some information about this transaction from you.


------------------------------------
Transaction Details
------------------------------------

Buyer's Name:Julie Lackaff
Buyer's Email:julie.lackaff@pearson.com

*Exhibit C*

Buyer's Transaction ID: 92785360AA093080W


Transaction Date:Feb 3, 2008
Transaction Amount:-$1,500.00 USDCase #:PP-483-259-624


Your Transaction ID: 92785360AA093080W


-----------------------------------
What to Do Next
-----------------------------------

Please submit your response within 10 calendar days so that we can process
the chargeback for you. Chargeback timeframes are determined by the card
issuer and they have requested that you reply with information as soon as
possible. Once they receive your information, it may take up to  75 days
for the card issuer to make a final decision.


-----------------------------------
Other Details
-----------------------------------

There are no other details regarding this transaction at this time.

Sincerely,

PayPal
Chargeback Department
Email: chargeback-response@paypal.com
Fax: 402-537-5755


CB:PP-483-259-624:R1:USD1500.00:05292008:92785360AA093080W


---------------------------------------------------------------

PayPal Email ID PP767

**PayPal**

Search PayPal Search [        Search        ]

- Log Out
- Help
- Security Center

- My Account
- Send Money
- Request Money
- Merchant Services
- Auction Tools
- Products & Services

# Transaction Details

Normally, when a buyer files a chargeback with the credit card company, we temporarily hold the funds under dispute until the issue is resolved. However, due to your low dispute rate and consistent volume, we are pleased to allow you access to these funds while we investigate this chargeback. PayPal offers this benefit to our valued sellers because we know that chargebacks can take a long time to resolve and not having access to the funds can be inconvenient (Unique Transaction ID #3Y311418L48669348)

Original Transaction

| Date | Type | Status | Details | Gross | Fee | Net |
|------|------|--------|---------|-------|-----|-----|
| Feb. 3, 2008 | Payment From Julie Lackaff | Completed | Details | $1,500.00 USD | -$43.80 USD | $1,456.20 USD |

Related Transactions

| Date | Type | Status | Details | Gross | Fee | Net |
|------|------|--------|---------|-------|-----|-----|
| May 29, 2008 | The funds that were placed on temporary hold are now available for use | Removed | Details | $1,500.00 USD | -$43.80 USD | -$1,456.20 USD |
| Jun. 18, 2008 | Update to Reversal | Cancelled | ... | $1,456.20 USD | $0.00 USD | $1,456.20 USD |

Date: May 29, 2008
Time: 22:19:29 PDT
Status: Removed

Return to Log

**More Information**

- Mobile
- Mass Pay
- Money Market
- Debit Card
- Referrals
- About Us
- Accounts
- Fees
- Privacy
- Plus Card
- Security Center
- Contact Us
- Legal Agreements
- Developers
- Shops
- Site Feedback ↵



About SSL Certificates

Copyright © 1999-2008 PayPal. All rights reserved.
Information about FDIC pass-through insurance

What's New

Policy Updates: September 30, 2008

Learn about important updates to Recent Activity

Get new PayPal buttons and logos

Take the Fight Phishing Challenge

Recommended Steps for Merchants

Save up to 50%

**Shop now**                                        Terms

Welcome, **Theresa Bradley** (president@bravacorp.com) Edit profile

Business Name: T.B. Bradley

Account holder since 2006

Account type: **Business**

Status: Verified (2)

**PayPal balance**

| Currency | Balance |
|---|---|
| U.S. Dollar: | -$1,510.00 USD<br>Resolve Negative Balance |

**PayPal Buyer Credit**

See Credit Activity

| | |
|---|---|
| **Minimum Payment Due:** | $0.00 USD |
| **Payment Due Date:** | 05/21/2008 |
| **Current Credit Balance:** | $0.00 USD |

May not include activity in last 48 hours

**PayPal Debit Card**      It's your money! Get it fast.
Apply now

To do list (1)

Confirm bank account - Confirm that you're the owner of the bank account linked to your PayPal account

**Account history:**
All account activity
Payments sent
Payments received

# DR. THERESA BRADLEY, PSY.D./JD

## P.O. BOX 8542 COLUMBUS, GA 31908 theresa@bravacorp.com

June 5, 2008

District Attorney for Cook County, IL

Office of the United States Attorney Chicago, IL

Office of the FBI Chicago, IL Field Office

RE; FRAUD / INTERNET PRE-TEXTING BY JULIE LACKAFF OF CHICAGO, IL

Dear Law Enforcement:

I am writing to file criminal charges for fraud / internet pre-texting, and requesting that the District of Attorney for Cook County, IL assign a case number and file criminal charges against the following perpetrators of the crime, as follows:

**Ms. Julie Lackaff 3900 North Lakeshore Drive #9A Chicago, IL Julie.lackaff@pearson.com**

The level of conduct described in the attachment is not cocaine trafficking, not prostitution, and not global child pornography, but it does entail a pre-planned scheme by employees of a major corporation to defraud by internet pre-texting as fully described in the attachment Complaint now pending for filing of civil charges at the United States District Court for damages as a result of the fraud by internet pre-texting.

Ms. Lackaff's internet pre-texting has caused me personal, professional and financial damage. Ms. Lackaff and Pearson Assessments should be charged with criminal conduct of internet pre-texting across state lines. This is a MAJOR company who has abused its position of trust with its customer by engaging in internet pre-texting. This abuse of trust should not be ignored and go unpunished in the criminal justice system as it is abuse of the laws governing these matters.

Thank you,

*Theresa Bradley*

Dr. Theresa Bradley

Cc; United States District Court District of Illinois (Chicago); President, Pearson Assessments

*Exhibit D*

# DR. THERESA BRADLEY, PSY.D/JD
www.bravacorp.com
3100 Gentian Blvd. Suite 9B Columbus, GA 31907 theresa@bravacorp.com

June 12, 2008 by US Mail Certified

Daniel Bluthart, Director
State of Illinois
Department of Financial and Professional Regulation
Complaint Intake Unit
100 West Randolph Street, Suite 9-300
Chicago, IL 60601

RE:  Julie Anne Lackaff Psychology License #071006013
Complaint of Unethical, Illegal and Criminal Conduct by Fraud with Internet Pre-Texting and Violations of State of Illinois Clinical Psychologist Licensing Act. (225 ILCS 15/1) (from Ch. 111, par. 5351) and Violations of the Codes of Professional Conduct for the State of Illinois and the American Psychological Association

Dear Mr. Bluthart:

I hereby file a Complaint with Demand for Investigation, Hearing,  Discipline, and Removal of License issued by the State of Illinois to Julie Anne Lackaff #071006013 Issued 02/03/2000 and Expiration 09/30/2008, and grounds for the Complaint are fully detailed and explained with facts and documentary evidence in support, as follows:

Complaint of Criminal Conduct by Julie Lackaff filed with the following law enforcement agencies See Exhibit A Attached and made a part of this Complaint for Violations of the Clinical Psychologist Licensing Act. (225 ILCS 15/1) (from Ch. 111, par. 5351) by Julie Anne Lackaff #071006013.

1.  United States Federal Trade Commission in Re:  Julie Lackaff, Pearson Assessments
2.  Dept. of Justice  Office of Federal Bureau of Investigation – Internet Fraud and White Collar Crime Division for the State of Illinois and MN  in Re:  Julie Lackaff, Pearson Assessments
3.  Office of the United States Attorney for the State of Illinois in Re:  Julie Lackaff, Pearson Assessments
4.  Office of the District Attorney for Cook County Illinois in Re:  Julie Lackaff, Pearson Assessments
5.  Office of the Secretary of State for Illinois in Re:  Julie Lackaff, Pearson Assessments

Civil Complaint pending for filing in RE: Theresa Bradley v. Julie Lackaff, Pearson Assessments to be filed at the United States District Court for the District of Illinois (Chicago) Count  I – Fraud by Internet Pre-Texting;  Count II – Fraud in the Inducement;  Count III – Breach of Bi-lateral Contract – See Exhibit B Attached and made a part of this Complaint for Violations of the Clinical Psychologist Licensing Act. (225 ILCS 15/1) (from Ch. 111, par. 5351) by Julie Anne Lackaff ##071006013.

Julie Anne Lackaff ##071006013 engaged in a pre-conceived scheme to pretend to be a common person seeking the Psychology Test Administration Services provided by myself, Dr. Theresa Bradley, Psy.D. as fully detailed in Exhibits herein.  At all times material hereto, Julie Lackaff, engaged in fraud, deceit and fraud by internet pre-texting pretending to be a common, ordinary person, not a duly licensed professional Psychologist holding License # #071006013 as fully described in Exhibit B herein.

Julie Lackaff placed demands upon me with a pre-conceived scheme of entrapment by engaging in fraud, deceit, subterfuge, and fraud by internet pre-texting placing demands upon me that I engage in illegal conduct by "selling to her psychology tests so that she could do with them what she pleased."  And, Julie Lackaff placed demands upon me leading me to believe that she would engage in the Psychology Test Administration Services if the tests were not administered by a Psychologist as "she did not want to be tested by a Psychologist."  See Exhibit C herein Emails submitted to me submitted by Julie Lackaff posing as an ordinary common person and disguising herself to be an ordinary, common person, not revealing to me the truth that she was a professional licensed psychologist holding State of IL License #071006013

Julie Lackaff engaged in criminal conduct by pretending to be an ordinary common person, not a duly Licensed Psychologist in the State of Illinois holding License ##071006013, and engage in internet pre-texting designed to lure and to entrap me into engaging in illegal conduct, by violating my contractual relationship with Pearson Assessments, and by selling the psychology tests in lieu of providing Psychology Test Administration Services, and by violating State Professional Regulation Statutes by demanding that the Psychology Test Administration Services that I would provide to Julie Lackaff not be administered by a Psychologist – See Exhibits B and C herein.

I hereby demand that the State of Illinois Department of Financial and Professional Regulation open its investigation, hold a hearing, and remove the Psychology License issued to Julie Ann Lackaff who has engaged in criminal conduct by fraud, deceit and fraud by internet pre-texting as set forth in Exhibits A, B, C, herein.  I request to be at attendance at the Hearing and to provide my Sworn Testimony in regards to the facts, matters, and claims set forth in Exhibits A, B, C herein.

I swear under penalty of perjury that the facts set forth with Exhibits A, B, C filed and made a part of this Complaint with Notice of Violations by Julie Anne Lackaff of the State of Illinois Clinical Psychologist Licensing Act. (225 ILCS 15/1) (from Ch. 111, par. 5351) and with violations of the Codes of Professional Conduct  for Psychologists promulgated by the State of Illinois Professional License & Regulations Board and by the American Psychological Association Codes of Professional Conduct.

I hereby demand investigation, hearing, and removal of License # 071006013 issued to Julie Anne Lackaff under the State of Illinois Clinical Psychologist Licensing Act. (225 ILCS 15/1) (from Ch. 111, par. 5351)

Sincerely,

*Theresa Bradley*

Dr. Theresa Bradley, Psy.D./JD


Cc:   Pay Pal, Inc.; US Mail Certified with Exhibits A, B, C to   Julie Ann Lackaff; Pearson Assessments; Foley & Lardner, LLC Chicago, IL;  American Psychological Association Members Committee Washington, DC

AT THE AMERICAN PSYCHOLOGICAL ASSOCIATION

DIVISION OF ETHICS WASHINGTON, DC

CASE NO._____

## COMPLAINT OF AMERICAN PSYCHOLOGICAL ASSOCIATION PROFESSIONAL AND ETHICAL VIOLATIONS OF THE CODE OF PROFESSIONAL CONDUCT FOR PSYCHOLGISTS LICENSED MENTAL HEALTH COUNSELORS AND PROVIDERS

Complainant, Dr. Theresa Bradley, Psy.D. , hereby brings this Complaint to the APA Division of Ethics and files the following with request for APA Ethics Investigation, Hearing, Discipline and removal of Licensure and/or APA Membership and/or APA Sanctions or such other relief as may be provided by the APA Division of Ethics, and states as follows:

**APA MEMBER CHARGED WITH UNPROFESSIONAL, UNETHICAL AND CRIMINAL CONDUCT :**

**Julie Lackaff, Ph.D.**

**Psychologist Licensed in the State of Illinois #  071006013  Issued 02/03/2000**

**APA Member**

**Address: 3900 North Lakeshore Drive #9A Chicago, IL**

### BACKGROUND HISTORY OF FACTS AND GENERAL ALLEGATIONS APPLICABLE TO COMPLAINT OF VIOLATIONS OF APA CODES OF ETHICAL AND PROFESSIONAL CONDUCT

1. **Complainant, Theresa Bradley, submits Exhibit A Bradley v. Julie Lackaff, et al now pending for filing at the United States District Court for the District of Illinois (Chicago) and requests that the APA Division of Ethics incorporate the issues, claims, allegations, facts and all documentary Exhibits and evidence therein in support of the Complainant's demand for**



# DR. THERESA BRADLEY, PSY.D.
### 3100 Gentian Blvd. #9B Columbus, GA 31907
### Direct All Communications to:  theresa@bravacorp.com

---

June 11, 2008
By eMail:  julie.lackaff@pearson.com; brainduhn@msn.com address provided by Julie Lackaff 2/3/08


Ms. Julie Lackaff
3900 North Lakeshore Drive
#9A
Chicago, IL

RE;  NOTICE – DEMAND FOR RETRACTION

Dear Ms. Lackaff:

We hereby place our written demand and provide you notification  of our demand that you withdraw the Request for Charge Back filed with your credit card holder and Pay Pal, Inc. on or before May 29, 2008.  We demand that this retraction is filed by 12 Noon June 12, 2008 EDT at the office of Pay Pal, Inc. charge-back@paypal.com with copy of the eMail submitted to the above eMail address.

Be advised that you were duly informed by my site that I provided Consultation and Test Administration Services.  Further, the Pay Pal, Inc. Shopping Cart transaction screen provided to you prior to entering your credit card number clearly states Test Administration, as does the Pay Pal, Inc. receipt.  The Psychology Test Administration Services are non-refundable.

More importantly, the Psychology Test Administration Services were provided to you for a 45 day period by both Drs. Bradley and Nakisher at the latter's Test Center office in Chicago, IL, at a convenient location within five miles from your residence.  You had a duty and an obligation under the law to arrive at the Test Center Monday through Friday during normal business hours.  You were accorded the right to take each of the tests selected and purchased in either one or two tests sessions.  You were accorded the right to request an extension of time to take the two tests selected and purchased during the 45 day time period, from February 13, 2008 to April 1, 2008.

The credit card transaction submitted to me by Pay Pal, Inc. shows that you authorized the charge February 3, 2008.  Your credit card holder provides you a maximum of 60 days to file a dispute or request for chargeback.  The time period to file a dispute request for chargeback ended April 3, 2008.

Further, be advised that allegations have been filed with both the Federal Trade Commission and the  US Dept. of Justice Office of FBI Internet Fraud and White Collar Crime Division that you engaged in a  scheme of fraud, deceit, and internet pre-texting with malice aforethought and

without disclosing your true intent and your true position with Pearson Assessments. Further, we have provided copies of your eMails to the FBI where you placed demands upon me that I engage in illegal conduct by selling you the psychology tests and that the psychology tests not be administered by psychologists. At no time did we capitulate to your demands that we engage in illegal and unethical conduct.

You are notified that the undersigned intends to bring a civil action against you for general, special and punitive damages caused by your conduct, which has resulted in professional defamation as a result.

I demand that you retract the Request for Chargeback within the time period provided , 12 Noon EST June 12, 2008 as set forth above. This demand is being served on you and Pearson Assessments by copy of this letter within 12 days after knowledge of the Request for Chargeback and Internet Pre-Texting Fraud.

In my 30+ years of professional career, I have been appointed by the States and the Courts to provide my expert Forensic Psychology Testing in Competency to Stand Trial in murder one cases; and for cases involving horrific child physical and sexual abuse, and where people's lives hang in the balance based upon my psychology testing expertise. Be advised that I uphold the State Professional Regulations and Statutes, the APA Code of Professional Conduct, the Test Publisher Guidelines, and the Psychology Best Testing Practices. Both Drs. Bradley and Nakisher provided the Psychology Test Administration Services to you with notification by US Mail Certified, US Mail Express Delivery, Regular US Mail and Email. Your conduct has caused significant damage to me. Hence, I intend to prosecute this matter to the fullest extent of the law.

GOVERN YOURSELF ACCORDINGLY.

*Theresa Bradley*

Dr. Theresa Bradley, Psy.D.

Cc: tracey.sheehan@pearson.com;  Pay Pal, Inc.

📝 JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

*THERESA BRADLEY*

**(b)** County of Residence of First Listed Plaintiff *MUSKOGEE*
(EXCEPT IN U.S. PLAINTIFF CASES)

ADR

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
*T.B. BRADLEY*
*4418 OLD POST COURT COLUMBUS GA 31909*

## DEFENDANTS

*PAY PAL, INC.*

County of Residence of First Listed Defendant *SAN JOSE*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**C08  03924**

**RS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❑ 1   U.S. Government Plaintiff
- ❑ 2   U.S. Government Defendant
- ❑ 3   Federal Question (U.S. Government Not a Party)
- ❌ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❌ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❌ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury - | ❑ 620 Other Food & Drug | ❑ 423 Withdrawal | ❑ 410 Antitrust |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Med. Malpractice | ❑ 625 Drug Related Seizure | 28 USC 157 | ❑ 430 Banks and Banking |
| ❑ 140 Negotiable Instrument | Liability | ❑ 365 Personal Injury - | of Property 21 USC 881 | | ❑ 450 Commerce |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Product Liability | ❑ 630 Liquor Laws | **PROPERTY RIGHTS** | ❑ 460 Deportation |
| & Enforcement of Judgment | Slander | ❑ 368 Asbestos Personal | ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 470 Racketeer Influenced and |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Injury Product | ❑ 650 Airline Regs. | ❑ 830 Patent | Corrupt Organizations |
| ❑ 152 Recovery of Defaulted | Liability | Liability | ❑ 660 Occupational | ❑ 840 Trademark | ❑ 480 Consumer Credit |
| Student Loans | ❑ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❑ 490 Cable/Sat TV |
| (Excl. Veterans) | ❑ 345 Marine Product | ❌ 370 Other Fraud | ❑ 690 Other | | ❑ 810 Selective Service |
| ❑ 153 Recovery of Overpayment | Liability | ❑ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 380 Other Personal | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | Property Damage | Act | ❑ 862 Black Lung (923) | ❑ 875 Customer Challenge |
| ❑ 190 Other Contract | Product Liability | ❑ 385 Property Damage | ❑ 720 Labor/Mgmt. Relations | ❑ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Product Liability | ❑ 730 Labor/Mgmt.Reporting | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | Injury | | & Disclosure Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❑ 892 Economic Stabilization Act |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 510 Motions to Vacate | ❑ 790 Other Labor Litigation | ❑ 870 Taxes (U.S. Plaintiff | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 442 Employment | Sentence | ❑ 791 Empl. Ret. Inc. | or Defendant) | ❑ 894 Energy Allocation Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ | **Habeas Corpus:** | Security Act | ❑ 871 IRS—Third Party | ❑ 895 Freedom of Information |
| ❑ 240 Torts to Land | Accommodations | ❑ 530 General | | 26 USC 7609 | Act |
| ❑ 245 Tort Product Liability | ❑ 444 Welfare | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 900 Appeal of Fee Determination |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | ❑ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❑ 550 Civil Rights | ❑ 463 Habeas Corpus - | | to Justice |
| | ❑ 446 Amer. w/Disabilities - | ❑ 555 Prison Condition | Alien Detainee | | ❑ 950 Constitutionality of |
| | Other | | ❑ 465 Other Immigration | | State Statutes |
| | ❑ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ❌ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from another district (specify)
- ❑ 6 Multidistrict Litigation
- ❑ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: *FRAUD BREACH OF CONTRACT CIVIL THEFT*

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ❑ Yes  ❌ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE *8/12/08*       SIGNATURE OF ATTORNEY OF RECORD *Dr. Theresa Bradley, Psy. D.*

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____